# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1022V
(not to be published)

| | |
|---|---|
| MARTHA PATRICIA MENDEZ,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 16, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Larry Lee Thweatt, Jr.*, Terry & Thweatt, PC, Houston, TX, for Petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 16, 2018, Martha Patricia Mendez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a nerve injury to her right shoulder from an influenza vaccine administered on September 18, 2017. Petition at 1. On November 4, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 56).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated November 12, 2020 (ECF No. 58), requesting a total award of $37,834.99 (representing $23,666.60 in fees and $14,168.39 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 60-2). Respondent reacted to the motion on November 14, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 61). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find the request for fees to be reasonable. However, a reduction in the amount of costs to be awarded is appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

## ATTORNEY FEES

2

A.    Hourly Rates

Petitioner requests the following rates for attorney Larry Thewatt, Jr.; $370 per hour for time billed in 2018; $385 for time billed in 2019 and $408 per hour for time billed in 2020. (ECF No. 58-2 at 1-9). Mr. Thewatt has been a licensed attorney in since 1998, placing him in the range of attorney with 20 – 30 years' experience on the OSM Attorney's Forum Hourly Rate Schedule.[3] The requested rate falls within the range, and is otherwise reasonable, and I shall therefore award it herein.

## ATTORNEY COSTS

Petitioner also requests $14,168.39 in overall costs. (ECF No. 58-4 at 25). This amount is comprised of obtaining medical records, expert costs, life care planner costs and the Court's filing fee. I have reviewed all the requested costs and find most of them to be reasonable, but costs associated with Petitioner's expert require further review.

Petitioner is seeking the amount for $5,450.00 for work performed by Dr. Margaret Oni. Fees App. Ex. 3 at 61. Dr. Oni had been contacted to review medical records and prepare an expert report and asks for compensation at the rate of $850.00 per hour to review medical records. Petitioner has not, however, provided information to support this hourly rate, which greatly exceeds what is routinely awarded for this nature of expert work.

 I instead shall award Dr. Oni the rate of $500.00 per hour for the medical record review in this case – a fairly standard rate permitted most Program experts. This results in a reduction of **$1,750.00**.[4]

Dr. Oni's invoice also reflects a flat rate of $1200.00 to prepare expert report. Although I do not typically permit experts flat rates for their work, it is likely the report took more than two or three hours to prepare, and therefore the sum requested in reasonable in light of the hourly rate I am permitting in this case. I this shall award that portion in full.

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as follows: $850 - $500 = $350 x 5 hrs = $1,750.00.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$34,795.19** (representing $22,376.80 in fees and $12,418.39 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.